## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| COULAS VIKING PARTNERS,<br>an Illinois general partnership,<br><br>        Plaintiff,<br><br>  vs.<br><br>THE BELT RAILWAY COMPANY OF<br>CHICAGO, an Illinois corporation, and<br>INGREDION INCORPORATED f/k/a CORN<br>PRODUCTS MANUFACTURING COMPANY,<br>a Delaware corporation,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 16-cv-3583<br>)<br>) Hon. Sharon J. Coleman<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT BELT RAILWAY COMPANY OF CHICAGO'S
### MOTION TO STAY, DISMISS, AND FOR JUDGMENT ON THE PLEADINGS

On March 24, 2016, Defendant Ingredion Incorporated ("**Ingredion**") filed a Motion to Dismiss or, in the Alternative, to Stay the Action. (ECF 5-6.) In its Motion, Ingredion argues that the Surface Transportation Board (the "**STB**") has exclusive jurisdiction over the abandonment of spur tracks ("**Spur Line**") under the Interstate Commerce Commission Termination Act of 1995 (the "**ICCTA**"). (ECF 6, 4-11.) Ingredion also submits that the easement at issue in this action is valid and that, regardless of the validity, the plaintiff, Coulas Viking Partners ("**Viking Partners**") has acquiesced to the use of the Spur Line by Defendant Belt Railway Company of Chicago ("**Belt**"). (ECF 6, 11-14.) Belt adopts and incorporates Ingredion's Motion and requests that the Court stay and/or dismiss this action also as to Belt or, in the alternative, award judgment on the pleadings.

As set forth in Ingredion's Notice of Removal, Viking Partners filed suit in the Circuit Court of Cook County, Illinois and filed several amendments to its complaint. (ECF 1, 1-2.)

The operative complaint is the Second Amended Complaint (the "**Complaint**"), and Belt has filed its Answer and Affirmative Defenses to that Complaint. *See Answer and Affirmative Defenses attached as Exhibit A*. Belt recently supplemented its affirmative defenses to include the defense of preemption. *See Supplemental Affirmative Defense attached as Exhibit B*.

In early 2016, the Illinois state court granted Ingredion's leave to intervene. Then, on March 24, 2016, Ingredion removed the case to this Court based on preemption. On the same day Ingredion filed its Notice of Removal, Ingredion filed a petition for declaratory order (the "**Petition**") with the STB. The Petition seeks an order from the STB declaring that the pending case is preempted by 49 U.S.C. § 10501(b) and that the STB has exclusive jurisdiction over rail operations. Comments to the Petition are due on April 29, 2016, pursuant to 49 C.F.R. § 1104.13 and extensions granted by the STB, and Belt intends to join and support the Petition.

Preemption is a challenge to the subject matter jurisdiction of the Court. *Basa v. Rizza Chevrolet, Inc.*, 750 F. Supp. 2d 987, 988 n.2 (N.D. Ill. 2010). Challenges to subject-matter jurisdiction can, of course, be raised at any time prior to final judgment. Fed R. Civ. P 12(b)(1); *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004). Thus, Belt properly raises preemption at this time and joins in Ingredion's Motion as to preemption.

Further, Ingredion raises the validity of the underlying easements as a Motion to Dismiss while Belt has already answered the Complaint. As such, the proper mechanism for disposing of Viking Partners' claims as to Belt is a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). The Court reviews Rule 12(c) motions, however, under the same standards that apply to motions to dismiss under Rule 12(b). *Richards v. Mitcheff*, 696 F.3d 635, 637–38 (7th Cir. 2012); *Huon v. Johnson & Bell, Ltd.*, No. 09 C 7877, 2013 U.S. Dist. LEXIS 67502, at *2–3 (N.D. Ill. May 13, 2013). Thus, Belt adopts Ingredion's positions, citations, and

arguments as to the validity of the easement and joins in the remaining portions of Ingredion's Motion.

     For all the reasons set forth herein and in Ingredion's Motion to Dismiss and its accompanying Memorandum in Support, Belt respectfully requests that the Court stay and/or dismiss this action as to Belt or, in the alternative, award judgment on the pleadings.

Dated: April 15, 2016                        BELT RAILWAY COMPANY OF CHICAGO

                                                  By:_____
                                                            One of their Attorneys

## **CERTIFICATE OF SERVICE**

      I, Thomas I. Matyas, an attorney, certify that I caused the foregoing Motion to Dismiss and Memorandum to be served upon all persons and entities authorized and registered to receive such service through the Court's Case Management/Electronic Case Files (CM/ECF) system on April 4, 2016.

                                                          /s/ Thomas I. Matyas